**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 23, 2016

LETTER TO COUNSEL

RE:  *Audrey Beth Ludlow v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3044

Dear Counsel:

On October 7, 2015, Plaintiff Audrey Beth Ludlow petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Ludlow's reply. (ECF Nos. 16, 17, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Ludlow protectively filed her claim for DIB on April 28, 2011. (Tr. 15, 188-192). She alleged a disability onset date of March 11, 2008. *Id.* Her claims were denied initially and on reconsideration. (Tr. 96-99, 107-08). A hearing was held on April 29, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 35-59). Following the hearing, the ALJ determined that Ms. Ludlow was not disabled within the meaning of the Social Security Act. (Tr. 12-34). The Appeals Council ("AC") denied Ms. Ludlow's request for review, so the ALJ's decision constitutes the final, reviewable decision of the Agency. (Tr. 1-5).

The ALJ found that Ms. Ludlow suffered from the severe impairments of degenerative disc disease of the thoracolumbar spine status post fusion at L4-S1, obesity, and depression. (Tr. 17). Despite these impairments, the ALJ determined that Ms. Ludlow retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she is further limited to occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling, but never climbing ladders, ropes or scaffolds. The claimant must avoiding [sic] concentrated exposure to extreme temperatures and workplace hazards. She can carry out simple tasks, in 2-hour increments, with occasional interaction with coworkers, supervisors, and the general public. The claimant can adapt to simple changes in a routine work setting.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Ludlow could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 27-29).

Ms. Ludlow raises several arguments on appeal. In addition, I considered her case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and I conclude that the ALJ committed an error under *Mascio*. Remand is therefore appropriate. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion that Ms. Ludlow is not disabled is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consists of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than

unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In the instant case, the ALJ found Ms. Ludlow to have moderate limitations in maintaining concentration, persistence, or pace at step three of the sequential evaluation. (Tr. 19). In making this finding, the ALJ cited Ms. Ludlow's reports of difficulties handling stress, and the results of her consultative examination with Dr. Taller indicating that her insight and judgment were "only fair." (Tr. 19-20). However, the ALJ also noted that other areas of Dr. Taller's examination had normal findings, and that Ms. Ludlow's function reports indicates an ability to "handle her finances, pay bills, and count change," plus an ability to follow "simple, spoken instructions." *Id.*. In the RFC assessment, the ALJ found that Ms. Ludlow was limited to carrying out, in relevant part, "simple tasks, in 2-hour increments." (Tr. 20).

Here, as in *Mascio*, the ALJ did not explain how the restriction of Ms. Ludlow's RFC to "simple tasks, in 2-hour increments" accounts for the finding of "moderate difficulties" in concentration, persistence, or pace. The Fourth Circuit was clear that restriction to simple, routine, and repetitive tasks does not adequately address a claimant's ability to stay on task. *Mascio,* 780 F.3d at 638. While the ALJ here also includes a limitation to performing tasks in 2-hour increments, this limitation does not account for any breaks in addition to those encompassed by a normal workday. *See* SSR 96-9p (noting that a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks). Thus, the restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation. In light of this inadequacy, I recommend remand of the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Ms. Ludlow also makes additional arguments pertaining to the ALJ's assessment of her credibility and the evaluation of the mental health listings. Ultimately, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under that standard, the ALJ's analysis is premised on

*Audrey Beth Ludlow v. Commissioner, Social Security Administration*
Civil No. SAG-15-3044
August 23, 2016
Page 4

substantial evidence,[1] although there might be other evidence that could be marshaled in support of the opposite conclusion, such as evidence relating to Ms. Ludlow's worsening back condition and her departure from her employment as a result of her mental health issues.  Ms. Ludlow further contends that the ALJ failed to assign weight to the "opinions" of her treating physicians, but does not cite to any actual opinions that were allegedly disregarded.  Finally, Ms. Ludlow contends that she was prejudiced by the use of the term "non-compliant" to describe a period in which she could not afford her medication.  Since the ALJ did not rely on non-compliance as a basis to deny benefits, I find no prejudice in that analysis.  Because the case is being remanded on other grounds, however, while on remand, the ALJ should make any changes to the opinion deemed necessary to address Ms. Ludlow's concerns about the analysis.

      For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/
      Stephanie A. Gallagher
      United States Magistrate Judge

---

[1] For example, the ALJ rests the opinion on the medical records and on the opinions from the various non-examining State agency medical consultants.  (Tr. 22-26).